UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO. 3:03CR-119(RNC) |
| JEFFERY DANCEY | : |

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Jeffery Dancey, upon a determination of competency at a hearing held that day, pled guilty on July 28, 2004, to uttering counterfeit currency in violation of 18 U.S.C. § 472. Two days later, i.e., on July 30, 2004, Mr. Dancey learned that on July 13, 2004, an arrest warrant had been issued in Connecticut Superior Court charging him with bank robbery. Another arrest warrant issued in Connecticut Superior Court on August 13, 2004, charging him with a second bank robbery. A presentence report ("psr") has been prepared and submitted which, at paragraph 40, references the pendency of the bank robbery charges. The psr calculates Mr. Dancey's Guidelines incarceration range for the counterfeit currency offenses at 24 - 30 months. On January 5, 2005, Mr. Dancey pled guilty to the two bank robberies in Connecticut Superior Court. That Court has agreed, consistent with a negotiated resolution of the guilty pleas to the two bank robberies, to impose a sentence of seven years concurrent with any sentence imposed by this Court for the counterfeit currency conviction. Mr. Dancey, who is in federal custody, has agreed to be sentenced in absentia (which is permitted by Connecticut procedure) on February 4, 2005. On January 12, 2005, the United States Supreme Court ruled in United States v. Booker, 543 U.S. ___, that 18 U.S.C. § 3553(b)(1), which makes the federal Sentencing Guidelines mandatory, is incompatible with the Sixth Amendment. The Supreme Court held that the Guidelines are to be considered henceforth as presumptive but not controlling in the context of the considerations set forth in 18 U.S.C. § 3553(a). In other words, the term "departure" will no longer be an operative concept in much the same manner that it is not an operative concept in determining the consequences for probation and supervised release violations. The question to be addressed in this Memorandum is how to fashion a fair and reasonable sentence under the totality of the extremely unusual circumstances of Mr. Dancey's case.

- 2 -

Jeffery Dancey is, as this Court knows from conducting a competency hearing and from the psr, a mentally ill and intellectually limited man. Given the reality that he is going to serve a total effective sentence of seven years for the counterfeit currency conviction and the two bank robbery convictions, he believes that it is in his rehabilitative best interest to serve the entirety of that sentence in a federal correctional institution due to the availability of superior counseling that would be available to him in such an institution vis-a-vis in a Connecticut correctional institution. It is respectfully submitted that it would be fair and reasonable, in light of the totality of the circumstances, and in manner consistent with the Sentencing Guidelines, for this Court to sentence Mr. Dancey to **84 months** (i.e., seven years).

This Court is familiar with Mr. Dancey's counterfeit currency offenses. Mr. Dancey's bank robbery conduct is as follows. On March 5, 2004, Mr. Dancey entered the Fleet Bank branch at 100 Amity Road, New Haven, and handed a note to a teller stating, "This is a hold up, give me what you have, if you don't I will shoot." The teller handed him approximately $90 and he left. On March 6, 2004, Mr. Dancey entered the United Bank branch at 128 Amity Road in Woodbridge, Connecticut, and handed a note to a teller stating, "$50 and $100s only or you will be shot." The teller gave him approximately $3,200 and he left. It is instructive to hypothesize that Mr. Dancey was convicted of all of the foregoing conduct in this Court and to determine how the Guidelines would apply in that case. See U.S.S.G. § 1B1.2(a) (the Court should "[d]etermine the offense guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction ... [unless there is] a stipulation that specifically establishes a more serious offense than the offense of conviction, [in which instance the Court should] determine the offense guideline section in Chapter Two applicable to the stipulated offense.") and U.S.S.G. § 1B1.4 ("In determining the sentence to impose .. the court may consider, without limitation, any information concerning the background, character and conduct of the defnendant, unless otherwise prohibited by law.").

U.S.S.G. § 2B3.1 provides a base offense level of 20 for robbery and adds 2 levels if the robbery is from a bank. Each of Mr. Dancey's bank robberies would thus have an adjusted offense level of 22. Mr. Dancey's counterfeit currency conviction has an adjusted offense level of 12. (See psr paragraph

- 3 -

21). U.S.S.G. § 3D1.2 would treat each of the bank robberies and the counterfeit currency offense as a separate "Group". U.S.S.G. § 3D1.4 would count each bank robbery as a "Unit" and would disregard the counterfeit currency offense because an adjusted offense level of 12 is "9 or more levels less serious than the Group with the highest offense level." 3D1.2(c). There would thus be two "Units" for the totality of Mr. Dancey's offense conduct, which would thus add two levels to his highest adjusted offense level. Therefore, Mr. Dancey's total adjusted offense level for committing the counterfeit currency offense and the two bank robberies would be 24. Subtracting two levels for acceptance of responsibility (the Government has not agreed to recommend three levels under this scenario), Mr. Dancey's total offense level would thus be 22. Mr. Dancey is in criminal history category VI. With a total offense level of 22 and a criminal history category of VI, his Guidelines incarceration range would be **84 - 105** months. Therefore, a sentence of **84 months**, which is the sentence being sought by Mr. Dancey, would be consistent with the Sentencing Guidelines.

- 4 -

<u>Conclusion</u>

It is respectfully submitted that the ruling of the United States Supreme Court in <u>United States v. Booker</u>, 543 U.S. ___, obviates the need to "depart" from the otherwise mandatory range of 24 - 30 months in order to sentence to Mr. Dancey to 84 months. Rather, it is incumbent upon this Court in light of that ruling to impose a fair and reasonable sentence in a manner consistent with the Guidelines and in light of all of the considerations set forth in 18 U.S.C. § 3553(a) under the totality of the circumstances of Mr. Dancey's case.

                                         Respectfully submitted,

                                         The Defendant,
                                         Jeffery Dancey

                                         Thomas G. Dennis
                                         Federal Defender

Dated: January 20, 2005          /s/_____
                                         Gary D. Weinberger
                                         Asst. Federal Defender
                                         10 Columbus Blvd, FL 6
                                         Hartford, CT 06106-1976
                                         Bar No. ct05085
                                         (860) 493-6260

CERTIFICATION

I HEREBY CERTIFY that a copy of the foregoing Memorandum has been hand delivered to Thomas V. Daily, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT 06103, and Christopher Rogers, United States Probation Officer, on this 20 day of January 2005.

                                         /s/_____
                                         Gary Weinberger